United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TELEPHIA INC,

            Plaintiff,

  v.

STEVEN CUPPY; SCOTT McCULLEY; and
DAVID SIMON,

            Defendants.
_____/

AND RELATED COUNTERCLAIMS.
_____/

No. C 04-03508 SI

**ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT AND MOTION
TO STRIKE JURY DEMAND**

      On December 2, 2005, this Court heard oral argument on plaintiff's motions for leave to file a se cond amended complaint (docket # 109) and to strike the jury demand (docket # 123). Having carefully considered the arguments of counsel and the papers submitted, the Court GRANTS both motions.

## BACKGROUND

      Plaintiff, Telephia, Inc., "collects and analyzes data on cell phone usage for wireless service providers." First Am. Compl. at ¶ 2. In 2002, Telephia filed suit against Criterion Wireless Corp. ("Criterion"), alleging that Criterion had misappropriated Telephia's intellectual property. *Id.* at ¶ 16. As part of a settlement agreement stemming from that lawsuit, Telephia agreed to purchase Criterion from its founders, the defendants in this case. *Id.* at ¶ 17. On October 31, 2002, Telephia and defendants executed a Securities Purchase Agreement ("SPA"), setting forth the governing terms of the purchase. *Id.* at ¶ 18.

      On July 30, 2004, Telephia filed this lawsuit in California state court, claiming that defendants had failed to disclose numerous deficiencies in Criterion's business, and seeking damages for both breach of contract and fraudulent inducement. The core of plaintiff's complaint was that defendants had made a series of

misrepresentations about the quality of Criterion's product, known as "Veritas Technology." After defendants removed the case to federal court, Telephia filed an amended complaint. At an August 26, 2005 case management conference, Telephia informed defendants that it wished to file a second amended complaint. Defendants objected, and the parties met and conferred unsuccessfully over the next month.

Telephia now brings two motions before the Court. First, Telephia seeks leave to file its second amended complaint. Second, Telephia seeks to enforce a jury trial waiver provision in the SPA.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15, a plaintiff may amend its complaint "once as a matter of course before a responsive pleading is served," and "only by leave of court or by written consent of the adverse party" thereafter. Fed. R. Civ. P. 15(a). Leave to amend "shall be freely given when justice so requires." *Id.*; *see also Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("We have stated that this policy is to be applied with extreme liberality.") (internal quotation marks omitted). Rule 15 embodies a strong federal policy in favor of deciding cases on their merits. Thus, leave to amend is freely given unless the opposing party can establish a factor such as "undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *see also Owens*, 244 F.3d at 712 ("In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'") (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Under Federal Rule of Civil Procedure 39(a), a Court may strike a jury demand where the parties have executed a waiver of their right to a jury trial. *See Great Earth Int'l Franchising Corp. v. Milks Development*, 311 F. Supp. 2d 419, 436-38 (S.D.N.Y. 2004); *Okura & Co., Inc. v. Careau Group*, 783 F. Supp. 482, 488-89 (C.D. Cal.1991). Any such waiver must be "knowingly and voluntarily executed." *Okura & Co.*, 783 F. Supp. at 488.

United States District Court
For the Northern District of California

2

**DISCUSSION**

Telephia argues that it should be allowed to file a second amended complaint, and that the Court should strike defendants' demand for a jury trial.  For the reasons set forth below, the Court agrees.

**1.     Motion for leave to file second amended complaint**

Telephia requests that the Court permit it to file an amended complaint that "does not add any new claims, but merely clarifies Telephia's existing claims by conforming them to facts learned through discovery." Pl. Br. at 2.  Like Telephia's first amended complaint, the proposed second amended complaint contains only causes of action for breach of contract and fraud.  The proposed complaint, however, contains significantly more detailed descriptions of Telephia's acquisition of Criterion, the negotiation of the SPA, and the defects in Criterion's Veritas Technology.  In addition, the proposed complaint alleges that Telephia was injured by paying too much for Criterion, whereas the first amended complaint only alleged that Telephia was injured by expenditures it made to fix Criterion's technology.

As mentioned above, a request to file an amended complaint should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants oppose Telephia's motion based on each of these reasons.

**A.     Undue prejudice**

Defendants claim that allowing Telephia to file its second amended complaint would cause them undue prejudice because the second amended complaint contains a "significant shift from the focus of the first amended complaint." Def. Br. at 4.  While the first amended complaint claimed damages based upon the costs Telephia incurred in fixing the Veritas technology, the second amended complaint also alleges that Telephia was damaged by paying too much for Criterion.  Defendants claim this subtle shift in focus from post-deal costs to pre-deal valuation "would greatly modify the nature, scope, and focus of the litigation," causing them undue prejudice.

In support of their position, defendants cite to two cases: *Kaplan v. Rose*, 49 F.3d 1363 (9th Cir.

1994), and *Minor v. Northville Public Schools*, 605 F. Supp. 1185 (E.D. Mich. 1985). In both cases, requests to file amended complaints were denied because the requests were made at a late stage of the proceedings. Both cases, however, are distinguishable.

*Kaplan* involved a plaintiff's informal request to amend its complaint at the summary judgment stage of the proceedings. "Trial was only two months away, and discovery was completed." *Kaplan*, 49 F.3d at 1370. Given the late stage of the proceedings, the district court denied plaintiff's request for leave to amend, and the Sixth Circuit affirmed. *Id.* In this case, in contrast, almost two months of fact discovery remained when Telephia first gave notice of its desire to amend its complaint. The issue was first raised in a joint case management statement filed on August 16, 2005, and fact discovery did not end until October 14, 2005. In addition, Telephia promptly amended both its interrogatories and its initial disclosures. Thus, this case simply does not present the same level of prejudice as was present in *Kaplan*.

*Minor* involved an attempt by a plaintiff to amend her complaint to include three new counts, all of which were based on different factual grounds than the rest of her complaint. *Minor*, 605 F. Supp. at 1200. Because of the introduction of new factual allegations at a late stage of the litigation, the Court denied the plaintiff's request. *Id.* In contrast, in this case Telephia's valuation theory of damages is very closely related to its existing claims, and will require little, if any, additional discovery. *Minor* explicitly distinguished other cases on this ground:

> In each case, the proposed amendment sought to amend only a theory of recovery. The facts underlying the claims had been fully explored prior to trial. Thus, no further discovery would have been required and there was no issue as to surprise to the defendant or expanding both the factual and legal issues at trial.

*Minor*, 605 F. Supp. at 1201-02.

Telephia's valuation-theory amendment is closely related to its existing claims and will therefore require little additional discovery. Given this fact, defendants were notified of the proposed amendment sufficiently in advance of the close of discovery that the second amended complaint will not cause them undue prejudice.

**B.    Undue Delay**

Defendants' next basis for opposing Telephia's motion is undue delay. Defendants claim that Telephia knew of the allegations contained in its second amended complaint at the time it filed its first amended

1    complaint, and that Telephia's motion should be denied because of its delay in introducing the new allegations.

2    The undue delay inquiry is closely tied to the examination of prejudice -- part of what makes delay "undue" is

3    the amount of prejudice suffered by the opposing party. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.

4    1999) ("Undue delay by itself . . . is insufficient to justify denying a motion to amend."); *Lockheed Martin*

5    *Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[D]elay is not a dispositive factor in

6    the amendment analysis, [but] it is relevant . . . .").

7            For the reasons set forth above, the Court finds the defendants will incur little prejudice from Telephia's

8    second amended complaint.  Moreover, Telephia announced its intention to file a second amended complaint

9    on August 16, 2005, only five months after it filed its first amended complaint on March 9, 2005.  Given that

10   Telephia has made significant efforts to include substantially more detail in its second amended complaint, the

11   Court finds that any delay on Telephia's part was reasonable.

12

13           **C.        Failure to plead fraud with specificity**

14           Defendants also argue that Telephia's motion should be denied because Telephia's second amended

15   complaint fails to plead fraud with specificity.  Federal Rule of Civil Procedure 9(b) requires that allegations

16   of fraud be pled with particularity.  This means that "[a]verments of fraud must be accompanied by 'the who,

17   what, when, where, and how' of the misconduct charged." *Vess v. CIBA-GEIGY Corp.*, 317 F.3d 1097,

18   1106 (9th Cir. 2003).

19           Defendants base their argument on Telephia's statement that "[d]efendants also withheld other facts

20   that, if known to a prospective purchaser, would have discounted the value of their business." Pl. Second Am.

21   Compl. at ¶ 28.  They claim that this statement is too vague to satisfy the 9(b) standard.  Later in the second

22   amended complaint, however, Telephia describes its allegations in considerably more detail. *See id.* at ¶¶

23   47-48, 54-56, 83-84.  The second amended complaint discusses defendants' failure to disclose concerns that

24   Verizon had voiced over "Path B," a system  of gauging market share by using autodialers to call wireless

25   customers. *See id.* at ¶¶ 47-48, 84.  It also discusses defendants' misrepresentations concerning the viability

26   of "Path C," which measured wireless market share by analyzing wireless numbers that had transferred from

27   one wireless carrier to another. *See id.* at 54-56, 83.  This is more than sufficient detail to comply with the

28

1    requirements of Rule 9(b).

2

3        **D.    Futility of amendment**

4        Defendants' final argument against Telephia's second amended complaint is that the amendment would

5    be futile.  Defendants base this argument on two grounds: first, their contention that Telephia's allegations of

6    Verizon's concerns about "Path B" are contradicted by deposition testimony; second, their contention that

7    Telephia's valuation theory of damages is too speculative. Both of these arguments, however, involve the

8    consideration of factual material and are therefore inappropriate for the pleadings stage.

9

10       **E.    Request for costs**

11       Finally, defendants request that, if the amended complaint is allowed, they be awarded costs for

12   discovery that must be reopened to cover the first amended complaint.  The Court finds that this request is not

13   properly presented.  Should Telephia need to reopen depositions or propound additional discovery it may

14   move the Court, after meeting and conferring with plaintiff, for costs on the basis of specific subject matter and

15   specific witnesses.  Any such motion shall take the form of a letter brief of no more than five pages in length.

16

17   **2.    Motion to strike**

18       Telephia's second motion is a motion to enforce a jury trial waiver contained in the SPA.  The waiver

19   reads:

20           Each party hereto irrevocably waives all right to trial by jury in any proceeding (whether based
             on contract, tort or otherwise) arising out of or relating to this Agreement, the other
21           Transaction Agreements, or any transaction or agreement contemplated hereby or thereby or
             the actions of any party hereto in the negotiation, administration, performance or enforcement
22           hereof.

23   Pl. Mot, Exh. C, at 43.

24       As an initial matter, the Court finds that the claims at issue in this case all fall within the jury waiver's

25   terms because all the claims "relate to" the SPA.  The claims for both breach of contract and fraudulent

26   inducement both clearly invoke the SPA.  Thus, the jury trial waiver applies to Telephia's action.

27       Defendants raise three arguments against the enforceability of the jury waiver provision.  First,

28

6

United States District Court

For the Northern District of California

1    defendants argue that Telephia should be estopped from enforcing the provision; second, they argue that such

2    provisions are unenforceable under California law; third, they argue that they did not voluntarily agree to the

3    provision.

4

5    **A.    Estoppel**

6    Defendants argue that Telephia should be estopped from enforcing the jury waiver provision because

7    it is inconsistent with its earlier demand for a jury trial, and because defendants have relied on Telephia's

8    demand.  In support of this argument, defendants argue that Telephia originally demanded "trial by jury of all

9    claims so triable" in its first amended complaint.  In addition, defendants argue that Telephia did not object to

10   their jury trial demands in their notice of removal and in their answer to Telephia's complaint.

11   In response, Telephia argues that its demand for a jury trial was limited to "all claims so triable," and

12   was specifically intended to preserve its right to enforce the jury waiver provision.  It also argues that any prior

13   motion to strike the jury trial demand would have been premature because discovery had not yet been

14   completed.

15   The Court agrees with plaintiff.  Although Telephia earlier demanded a jury trial, that demand was not

16   "clearly inconsistent" with the jury waiver provision.  *See New Hampshire v. Maine*, 532 U.S. 742, 750 ("[A]

17   party's later position must be 'clearly inconsistent' with its earlier position.").  Rather, Telephia's jury trial

18   demand was sufficiently limited to preserve its rights under the SPA.  In addition, Telephia brought this motion

19   five months in advance of trial, and promptly at the end of discovery.  Because Telephia did not wait until the

20   eve of trial to bring this motion, the Court is less inclined to believe that Telephia's action "threatens the integrity

21   of the judicial process," as defendants allege.  Def. Reply Br. at 4.  Finally, to the extent that Telephia is now

22   taking an inconsistent position with its earlier jury trial demand, that position does not go to the merits of the

23   case.  This further convinces the Court that Telephia is not manipulating the judicial process.  *Compare*

24   *Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997) (party judicially estopped by prior position in state

25   court about how to interpret testamentary documents); *New Hampshire*, 532 U.S. at 751 (New Hampshire

26   was judicially estopped where its "claim that the Piscataqua River boundary runs along the Maine shore [was]

27   clearly inconsistent with its interpretation of the words 'Middle of the River'" in prior litigation).

28

**United States District Court**
For the Northern District of California

**B.      California law**

Defendants' next argument is that, because the SPA provides that it is governed by California law, the California Supreme Court's decision in *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944 (2005), should bar the enforcement of the jury waiver provision.  In *Grafton Partners*, the California Supreme Court found that contractual jury waivers are unenforceable under the California Constitution.  *Id.* at 967.

As pointed out by Telephia, however, the right to a jury trial in federal court flows from the Seventh Amendment, not the California Constitution.  Thus, regardless of the SPA's choice-of-law provision, federal law controls the waiver of that right, not state law.  *Cf. Simler v. Conner*, 372 U.S. 221, 222 (1963) (holding that to achieve uniformity that Seventh Amendment demands, the right to a jury trial in a diversity case is determined by federal law).

**C.      Involuntary waiver**

Defendants' final argument is that it did not voluntarily waive its right to a jury trial.  Defendants argue that Telephia, a much larger company, offered a "take it or leave it" SPA that defendants were coerced into accepting.  The Court, however, finds that defendants were represented by counsel during the negotiation of the SPA.  In addition, the jury waiver provision was conspicuously placed in the SPA, and was added to the SPA almost two weeks before it was signed.  In such circumstances, the Court cannot find that defendants were coerced into accepting the SPA.  *See, e.g.*, *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 ("Telum and Hutton, on the other hand, were both sophisticated parties, and the provision here was in the normal print size of the contract."); *Standard Wire & Cable Co. v. AmeriTrust Corp.*, 697 F. Supp. 368, 375 (C.D. Cal. 1988) (upholding jury trial waiver where parties were represented by counsel).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Telephia's Motion for Leave to File Second Amended Complaint (Docket No. 109), and GRANTS Telephia's Motion to Strike Defendants' Demand for Jury Trial (Docket No. 123).

1    **IT IS SO ORDERED.**

2

3    Dated: December 2, 2005

4

5                                                            SUSAN ILLSTON
6                                                            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California