United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TELEPHIA, INC.,

        Plaintiff,

  v.

STEVEN CUPPY, et al.,

        Defendants.
                                  /

No. C 04-03508 SI

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL**

Now before the Court is a discovery dispute in this matter.[1] Defendants seek to compel plaintiff to respond to a number of interrogatories and document requests that seek information primarily related to plaintiff's finances. For the following reasons, the Court GRANTS IN PART defendant's motion.

**DISCUSSION**

The dispute in this case involves a technology for collecting data on cell phone usage for wireless service providers. Plaintiff purchased the technology from defendants and subsequently brought suit, claiming that defendants had made numerous misrepresentations about the product. Plaintiff alleges that defendants' misrepresentations led it to an overvaluation of defendants' technology. Plaintiff also alleges that it had to spend significant amounts of money fixing undisclosed defects in the product. Defendants countersued, seeking to recover damages for breach of contract, including royalty payments under the purchase agreement. Defendants now seek to compel responses to three

---

[1] The parties have brought this dispute before the Court by letter briefs dated November 3, 2005 (Docket No. 128), November 4, 2005 (Docket No. 132), November 18, 2005 (Docket No. 138), November 30, 2005 (Docket No. 159), and December 5, 2005 (Docket No. 161).

interrogatories and four document requests.[2]

### 1. Requests for Production, Set Two, Nos. 1, 2, and 3

These requests generally seek financial documents that divulge revenue and expenses related to the Market Metrics product.[3] This information is highly relevant to defendants' defenses and counterclaims. The financial information is relevant to the former because of plaintiff's claim that it was forced to expend money to repair defects in defendants' product; it is relevant to the latter because defendants need the information to establish their claim for royalties.

In response to defendants' motion, plaintiff claims that it has responded fully to these requests and has produced all financial documents in its possession. Defendants question the thoroughness of plaintiff's response, claiming that much of the information requested is still missing. Defendants, however, have not established that there is any specific set of documents that plaintiff is withholding. Given plaintiff's specific representation in its letter brief that "Telephia has in fact produced all financial documents in its possession," Pl. Br., at 1, the Court DENIES defendants' request.

### 2. Interrogatory Nos. 15 and 16

Defendant's Interrogatory No. 15 states: "State all financial results on a monthly and quarterly basis, including but not limited to budgeted and actual figures for revenues and expenses, for the Market Metrics product for the years 2002, 2003 and 2004 and the first six months of 2005." Def. Br., Exh. A. Defendant's Interrogatory No. 16 reads: "State all Market Metrics monthly revenue, on a per customer basis, for the years 2003 and 2004 and for the first six months of 2005." *Id.* The interrogatories are almost exact parallels of Requests for Production Nos. 1 and 2.

Plaintiff does not contest the fact that the information sought is highly relevant to defendants'

---

[2] In their original letter brief, defendants also sought to compel plaintiff to produce an updated privilege log. Defendants has since advised the Court that plaintiff has complied with this request.

[3] It appears that "Market Metrics" is plaintiff's name for the product it purchased from defendants.

2

claims. Indeed, defendants require this information to be able to prepare their claim for royalties, a key component of their case. *See* Def. Counterclaims, at ¶¶ 48-54 (seeking "royalties equal to 7.5% of certain of its revenues on a quarterly basis"). Instead, plaintiff's opposition brief objects to the interrogatories only on the ground that they are "completely duplicative of defendants' Requests for Production, Set Two, Nos. 1 and 2."

Because of the strong relevance of the information the interrogatories seek, the Court does not find that a response would be unduly burdensome to plaintiff. This is especially true given that defendants have questioned the completeness of plaintiff's document production. Thus, the Court GRANTS plaintiff's motion with respect to Interrogatories No. 15 and 16.

**2.      Interrogatory No. 17**

This interrogatory seeks information related to each individual Market Metrics customer, including "the specific markets reported," "the revenue associated with each market," and "the type of reports produced for each market." As with the above discovery, this information is highly relevant to defendants' counterclaims for royalties, as well as to their defenses against plaintiff's claim that defendants' product did not work as promised.

Plaintiff claims that responding to this interrogatory would be unduly burdensome because the information must be "compiled from a review and analysis of several different categories of documents," all of which plaintiff claims defendants now possess. In light of the high relevance of the information sought, however, the Court rejects plaintiff's claims of undue burden.

Plaintiff also claims that defendants' motion should be denied because defendants refused to agree to a stipulation that "[b]y the second quarter of 2007, Telephia will have generated revenues from its Market Metrics product, which, were all those revenues royaltable and were those revenues not subject to Telephia's Right of Offset, would be sufficient to exhaust the $4 million royalty cap under the SPA." Pl. Oppo. Br., Exh. B. The Court finds that plaintiff's proposed stipulation in inadequate. As mentioned above, the specific financial information defendants seek is relevant to defendants'

3

defense against Telephia's claims that defendants' technology was ineffective when first acquired. Given that the stipulation does not break down plaintiff's financial results over a period of time, it is simply too general to serve that function.

The Court therefore GRANTS defendants' motion with respect to Interrogatory No. 17.

**4.    Requests for Production, Set Two, No. 14**

This request seeks "[a]ll documents that refer to or reflect communications between Telephia and/or Criterion and NTELOS after July 31, 2004." Def. Br., Exh. B. Once again, plaintiff represents in its letter brief that it has produced "all documents relevant to Telephia's communication with NTelos." Pl. Br. at 1. Defendants maintain that they have been unable to find any correspondence related to plaintiff's contract with NTelos in plaintiff's document production. They also argue that plaintiff has previously been wrong about the contents of its document production; apparently Telephia had not produced a copy of its contract with NTelos even after it had asserted it had produced all documents related to Request No. 14. *See* Def. Reply Br., at 3.

Given the confusion over the production of plaintiff's contract with NTelos, the Court finds that there have been some irregularities with respect to plaintiff's production of documents responsive to Request No. 14. Accordingly, the Court ORDERS plaintiff to provide defendants with the specific location in their document production of documents that are responsive to Request No. 14.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART defendants' motion to compel (Docket No. 128). Plaintiff's request for costs is DENIED.

**IT IS SO ORDERED.**

Dated: January 24, 2006

SUSAN ILLSTON

4

United States District Judge

5