**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEPHIA, INC., | No. C 04-03508 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| STEVEN CUPPY, et al., | |
| Defendants. | |

Now before the Court is a motion to compel discovery brought by defendants in this matter.[1] Defendants seek to compel the discovery of communications made by or with plaintiff's in-house counsel, Alex Sepehri-Nik, concerning the requirements of the Telephone Consumer Protection Act ("TCPA"). For the following reasons, the Court finds that the communications are covered by the attorney-client privilege and therefore DENIES defendants' motion.

**DISCUSSION**

The dispute in this case concerns a technology for collecting data on cell phone usage for wireless service providers. Plaintiff purchased the technology from defendants and subsequently brought suit, claiming that defendants had made numerous misrepresentations about the product. One alleged misrepresentation concerned "Path B," a method of measuring market share by "using an automatic dialer to call panels of numbers." Second Am. Compl., at ¶ 19. Plaintiff's second amended

---

[1] Defendants brought their motion before the Court by letter brief dated November 22, 2005 (Docket No. 151). Plaintiff responded in a letter brief dated December 14, 2005 (Docket No. 164), and defendants filed their reply on December 19, 2005 (Docket No. 165).

complaint alleges that Path B contained numerous defects, one of which was that it constituted a potential violation of the TCPA. Plaintiff alleges that defendants were aware of this potential violation of the TCPA, and that they therefore breached three provisions of the purchase agreement. *See id.* at ¶ 72 (alleging that defendants violated §§ 2.10(j), 2.10(l), and 2.11 of the purchase agreement, all of which warranted that Path B complied with all applicable laws, and did not violate any statute, rule or regulation). Defendants now move to compel discovery of deposition testimony and documents, arguing that the attorney-client privilege should not attach to communications Sepehri-Nik made regarding Path B.

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice . . . ." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (internal quotation marks omitted). The party asserting the attorney-client privilege has the burden of establishing that the privilege applies. *United States v. Alexander*, 287 F.3d 811, 816 (9th Cir. 2003). The Court finds that plaintiff has met this initial burden; Stepehri-Nik testified at deposition that his role during due diligence was "to review and advise on the legal matters surrounding Criterion and any other company, corporate formation, contractual matters, patent applications, things of that nature." Pl. Oppo. Br., Exh. F.

Defendants offer two reasons why Stepehri-Nik's testimony should nonetheless be discoverable. First, defendants argue that plaintiff waived the privilege by allowing its counsel to act as a business agent during due diligence. According to defendants, by personally participating in a test of Path B, plaintiff's counsel acted as a businessperson, and not as an attorney. This argument lacks merit. Simply because Stepehri-Nik personally participated in the test does not mean that he could no longer reach legal conclusions about the test results. Moreover, the deposition transcript shows that Stepehri-Nik understood the proper division of his role; he was forthcoming about his participation in the Path B test, and only refused to testify when asked to reveal the content of his discussions concerning the significance of the test results. *See, e.g.*, Pl. Br., Exh. B, at 79-80. Thus, the Court rejects defendants' argument that Stepehri-Nik was not acting in the capacity of a lawyer.

Defendants' second argument in support of waiver is that plaintiff has placed its knowledge at issue and has therefore impliedly waived the privilege. *See Chevron Corp. v. Penzoil Co.*, 974 F.2d

2

1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield."). Specifically, defendants argue that plaintiff has placed the legal advice it obtained from Stepehri-Nik at issue by alleging that defendant's misrepresentations induced it into signing the purchase agreement.

The Court rejects this argument, for two reasons. To begin with, plaintiff's reliance on the Path B misrepresentations is no longer an issue in this lawsuit. *See* Pl. Oppo. Br., at 2 ("Telephia is ***not*** claiming that it relied on Defendants' false statements concerning Path B's compliance with the TCPA . . . .") (emphasis in original). While plaintiff's first amended complaint alleged detrimental reliance on the alleged Path B misrepresentations, those allegations were removed in the second amended complaint. Indeed, the second amended complaint alleges only that defendants breached the purchase agreement by failing to disclose that Path B could run afoul of the TCPA, not that the Path B misrepresentations fraudulently induced plaintiff to sign the TCPA.[2]

The second reason for rejecting defendants' argument is that, unlike in *Chevron*, plaintiff has not attempted to use the attorney-client privilege as a sword. In *Chevron*, the defendant used advice of counsel in support of its affirmative defense, but then refused to disclose that advice further, depriving the plaintiff of the ability to contest the affirmative defense. *Chevron*, 974 F.2d at 1162-63. Here, in contrast, plaintiff has not used advice of counsel in any affirmative capacity. Rather, defendants merely seek to obtain that advice because it is related to the issue of plaintiff's knowledge. This is insufficient to find an implicit waiver of the attorney-client privilege. *See United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (describing three prong test for waiver of privilege, which includes "whether the party is asserting the privilege as the result of some affirmative act"); *see also Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001).

Defendants' final request is that the Court review the disputed documents *in camera* to determine if the attorney-client privilege applies. Given that plaintiff has removed all allegations that it relied on

---

[2] The Court also notes that plaintiff has been willing to discuss the concerns it had, before the agreement was signed, over the possibility that Path B could violate the TCPA. *See, e.g.*, Pl. Oppo. Br., Exh. C, D. Thus, plaintiff has not prevented defendants from learning of its concerns, it has only sought to protect the legal advice that it considered in connection with those concerns. This is wholly appropriate.

3

defendants' Path B misrepresentations, however, the Court finds that the documents at issue are only of marginal relevance to defendants' case. Accordingly, the Court DENIES defendants' request.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to compel (Docket No. 151). Plaintiff's request for costs is also DENIED.

**IT IS SO ORDERED.**

Dated: January 24, 2006

SUSAN ILLSTON
United States District Judge